UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| BEER NATION, INC.,[1] | § § | Case No. 17-34707 |
| Debtor. | § § § § | CHAPTER 11 CASE |

### AMENDED EMERGENCY MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND FOR VIOLATION OF AUTOMATIC STAY

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON ANEMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**COMES NOW** Debtor Beer Nation, Inc., the debtor and debtor-in-possession in the above- captioned case (the "**Debtor**"), and files this Amended Emergency Motion for Turnover of

---

[1] The Debtor's federal tax number is # 81-2728661.

Property of the Estate and for Violation of Automatic Stay (the "**Motion**"), pursuant to 11 U.S.C. §§ 542(a) and 362(a). In support of this Motion, the Debtor respectfully represents as follows:

## I.   JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for relief requested herein in 11 U.S.C. § 1121(d)(1).

## II.   INTRODUCTION

3. On July 31, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). The Debtor is managing its businesses and affairs as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## III.   BACKGROUND

4. The Debtor was incorporated in April 2016. The Debtor operates a restaurant known as "Beer Nation." The Debtor has over 35 employees that work at its restaurant.

5. Prior to the Petition Date, on or about May 2, 2016, the Debtor entered into a commercial lease (the "**Lease**") with 11681 Interests Ltd. (the "**Landlord**"), pursuant to which the Landlord agreed to lease the Debtor approximately 11,320 square feet of premises, located at 11681 Westheimer Road, Houston, Texas 77077 (the "**Premises**"). The Debtor commenced operating its restaurant on the Premises in May 2017. Pursuant to the Lease, the Debtor provided the Landlord with a security deposit of $100,000 (the "**Security Deposit**").

6. Because of several disputes with the Landlord, the Debtor's business has not been allowed to survive. The final straw was when the Landlord locked the Debtor out of the Premises at the end of June 2017.

7. The Debtor still has valuable assets that remain on the Premises, including office equipment, restaurant equipment and food and beverage inventory (the "**Personal Property**"). Without this Personal Property, the Debtor will not be able to operate its restaurant at a new location.

8. The Debtor also maintains a substantial portion of its books and records on the Premises (the "**Books and Records**").  Without the Books and Records, the Debtor is not only prevented from operating its business, but is also prevented from adequately completing its statement of financial affairs, bankruptcy schedules and other financial disclosures in this Case.

9. Contemporaneously with the filing of this Motion, on August 1, 2017, the Debtor notified the Landlord and its counsel in writing that it would need immediate access to the Premises, so that the Debtor can collect its Personal Property and Books and Records.  This Motion is filed in the event the Landlord does not comply with the Debtor's demands.  A true and correct copy of this correspondence is attached hereto as **Exhibit A** and incorporated herein by reference.

## IV.
## REQUEST FOR RELIEF AND AUTHORITIES

*Turnover of Estate Property*

10. Section 542 of the Bankruptcy Code provides, in relevant part, that "an entity . . . in possession, custody, or control, during the case, of property that the trustee [or debtor] may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee [or debtor], and account for, such property or the value of such property . . ." 11 U.S.C. §§ 542(a).

11. "[Section] 541 of the Bankruptcy Code broadly defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." *In re Goss*, 526 B.R. 798, 801 (BAP 8th Cir. 2015).

12. The Personal Property, Books and Records and Security Deposit certainly

constitute property of the Debtor's bankruptcy estate. Without this property, the Debtor cannot operate its restaurant business and is prevented from making the necessary disclosures in this bankruptcy case. Accordingly, the Court should immediately order the Landlord to allow the Debtor access to the Premises, so that it can collect its property.

### *Violation of Automatic Stay*

13. Section 362(a) "operates as a stay, applicable to all entities, of—"any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" 11 U.S.C. § 362(a). "A violation of the automatic stay, § 362(a)(3), occurs when a creditor continues to hold property of the estate post-petition, even where the initial pre-petition retention was lawful." *See Knaus v. Concordia Lumber Co., Inc. (In re Knaus),* 889 F.2d 773, 774 (8th Cir.1989); *Putnam v. Rymes Heating Oils, Inc. (In re Putnam),* 167 B.R. 737, 740 (Bankr.D.N.H.1994); *Abrams v. Southwest Leasing & Rental, Inc. (In re Abrams),* 127 B.R. 239, 242 (9th Cir. BAP 1991). A creditor's refusal to voluntarily turn over property of the estate to the debtor after it had notice of the bankruptcy constitutes yet another willful violation of the stay. *See In re Carrigg*, 216 B.R. 303, 305 (BAP 1st Cir. 1998); *In re Banks*, 521 B.R. 417, 421 (M.D. Ga. 2014); *In re Johnson,* 138 B.R. 352, 354 (Bankr. D.R.I. 1992) ("willfulness" is established if the violator is aware of the stay and if its post-petition actions were intentional); *Abrams,* 127 B.R. at 242–43 (§ 362(h) provides the remedy for failure to turn over property of the estate pursuant to § 542).

14. Here, the Landlord's continued possession of the Security Deposit, Personal Property and Books and Records constitutes a willful violation of the automatic stay, as the Landlord is knowingly exercising control over the Debtor's property post-petition. Until the Landlord provides the Debtor with full access to the Premises, this knowing violation will

continue.  Furthermore, the only way to ensure that the Debtor's property is not damaged, the Debtor should be provided full access to the Premises, so that it can remove its property.

**WHEREFORE**, Debtor respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit B**, providing for the turnover of the Personal Property, Books and Records and Security Deposit to Debtor, finding that the Landlord has violated the automatic stay, and granting such other and further relief as the Court deems appropriate.

Dated:  August 1, 2017                             **FISHERBROYLES, LLP**,

By:     /s/ H. Joseph Acosta
H. Joseph Acosta
State Bar No. 24006731
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
Tel:  214-614-8939
Fax:  214-614-8992
Email: joseph.acosta@fisherbroyles.com
**ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the "Amended Emergency Motion of the Debtor for Turnover of Property and for Violation of the Automatic Stay has been electronically filed in the case with the Clerk of the United States Bankruptcy Court by using the CM/ECF system, a copy was served via email on the following parties this 1st day of August, 2017.

Jarrod Martin
Nathan Sommers Jacobs
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

US Trustee's Office
515 Rusk Street, Suite 3516
Houston, TX 77077

                                            /s/ H. Joseph Acosta
                                            H. Joseph Acosta

**EXHIBIT "A"**

# FISHERBROYLES®
### A LIMITED LIABILITY PARTNERSHIP

H. Joseph Acosta, Esq.
Partner
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
Direct: (214) 614-8939
Fax: (214) 614-8992
joseph.acosta@fisherbroyles.com
www.fisherbroyles.com

August 1, 2017

*via email: andy@mmtxtrial.com*

Andrew P. McCormick
McCormick Landry Munoz, PLLC
4950 Bissonnet Street, Suite A
Bellaire, Texas 77401

Re:  *In re Beer Nation, Inc.*, Case No. 17-34707, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division

Dear Mr. McCormick:

I understand that your firm is counsel to 11681 Interests Ltd. (the "**Landlord**") in connection with a lease dispute with Beer Nation, Inc. Please be informed that Beer Nation has filed for chapter 11 bankruptcy relief, as of today, and we serve as the firm's bankruptcy counsel. I am enclosing a file-stamped copy of Beer Nation's voluntary petition.

As you are aware, the filing of bankruptcy imposes an automatic stay against exercising control over property that belongs to the bankruptcy estate, pursuant to 11 U.S.C. § 362. The bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case," pursuant to 11 U.S.C. § 541(a).

I understand that the Landlord has locked Beer Nation from the leased premises, located at 11681 Westheimer Road, Houston, Texas. Because this prevents Beer Nation from having access to its property, consisting of restaurant equipment, office furniture, records and other similar items, this action constitutes a clear violation of the automatic stay. I therefore need for your office to make immediate arrangements with my office, by the end of the day, to provide Beer Nation with the keys and full access to the leased premises for the sole purpose of recouping Beer Nation's personal property.

If we cannot reach an acceptable arrangement by 5 p.m. today, we are prepared to file the attached emergency motion against the Landlord.

Please contact my office at 214-614-8939, if you would like to discuss.

---

ATLANTA • AUSTIN • BOSTON • CHARLOTTE • CHICAGO • CINCINNATI • CLEVELAND • COLUMBUS • DALLAS • DENVER • DETROIT
HOUSTON • LOS ANGELES • NAPLES • NEW YORK • PALO ALTO • PHILADELPHIA • PRINCETON • SEATTLE • WASHINGTON D.C.

# FISHERBROYLES®
A LIMITED LIABILITY PARTNERSHIP

Very truly yours,

*[signature]*

H. JOSEPH ACOSTA

cc: 11681 Interests, Inc. (*via fax:* 713-782-7445)
Trent Stephens, Esq.

ATLANTA • AUSTIN • BOSTON • CHARLOTTE • CHICAGO • CINCINNATI • CLEVELAND • COLUMBUS • DALLAS • DENVER • DETROIT
HOUSTON • LOS ANGELES • NAPLES • NEW YORK • PALO ALTO • PHILADELPHIA • PRINCETON • SEATTLE • WASHINGTON D.C.

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __Texas__
                              (State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Beer Nation, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 8 1 – 2 7 2 8 6 6 1 |

| | | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| 4. | **Debtor's address** | 11681 Westheimer Road<br>Number    Street<br><br>Houston           TX    77077<br>City              State  ZIP Code<br><br>Harris<br>County | 29488 Woodwad Ave. PMB 150<br>Number    Street<br><br>P.O. Box<br><br>Royal Oak          MI    48073<br>City              State  ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number    Street<br><br>City              State  ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | beernationhouston.com |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page 1

Debtor __Beer Nation, Inc._____  Case number (*if known*)_____
           Name

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))
❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
❏ Railroad (as defined in 11 U.S.C. § 101(44))
❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))
❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))
❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

❏ Tax-exempt entity (as described in 26 U.S.C. § 501)
❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

7  2  2  5

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❏ Chapter 7
❏ Chapter 9
☒ Chapter 11. *Check all that apply*:

  ❏ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

  ☒ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ❏ A plan is being filed with this petition.

  ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❏ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
❏ Yes.  District _____  When _____  Case number _____
                                      MM / DD / YYYY
        District _____  When _____  Case number _____
                                      MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No
❏ Yes.  Debtor _____  Relationship _____
        District _____  When _____
                                                      MM / DD / YYYY
        Case number, if known _____

Official Form 201              Voluntary Petition for Non-Individuals Filing for Bankruptcy              page **2**

Debtor ____Beer Nation, Inc._____    Case number (*if known*)_____
      Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No
☒ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☒ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property?  __11681 Westheimer Road_____
                Number     Street

__Houston_____    __TX__   __77077__
City                         State   ZIP Code

**Is the property insured?**

☒ No
☐ Yes. Insurance agency _____
      Contact name _____
      Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*
☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☒ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☒ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Debtor | Beer Nation, Inc. | Case number (if known) _____ |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☒ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ■ I have been authorized to file this petition on behalf of the debtor.
- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  7/31/17
MM / DD / YYYY

✗ _____     Scott Hait
Signature of authorized representative of debtor     Printed name

Title  President

**18. Signature of attorney**

✗  /s/ H. Joseph Acosta        Date  7/31/17
Signature of attorney for debtor        MM / DD / YYYY

H. Joseph Acosta
Printed name

FisherBroyles, LLP
Firm name

4514 Cole Ave., Suite 600
Number    Street

Dallas                TX    75205
City                 State  ZIP Code

214-614-8939           joseph.acosta@fisherbroyles.com
Contact phone          Email address

24006731              Texas
Bar number            State

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 4

Debtor  Beer Nation, Inc.  
Name

Case number (if known) _____

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☒ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☐ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☐ I have been authorized to file this petition on behalf of the debtor.

☐ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  7/31/17  
MM / DD / YYYY

X _[signature]_  
Signature of authorized representative of debtor

Scott Hait  
Printed name

Title  President

**18. Signature of attorney**

X _____  
Signature of attorney for debtor

Date  7/31/17  
MM / DD / YYYY

H. Joseph Acosta  
Printed name

FisherBroyles, LLP  
Firm name

4514 Cole Ave., Suite 600  
Number    Street

Dallas    TX    75205  
City    State    ZIP Code

214-614-8939  
Contact phone

joseph.acosta@fisherbroyles.com  
Email address

24006731    Texas  
Bar number    State

Official Form 201  Voluntary Petition for Non-Individuals Filing for Bankruptcy  page 4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| BEER NATION, INC.,[1] | § § | Case No. 17-34707 |
| Debtor. | § § § § § | CHAPTER 11 CASE |

**EMERGENCY MOTION FOR TURNOVER OF PROPERTY OF
THE ESTATE AND FOR VIOLATION OF AUTOMATIC STAY**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON ANEMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**COMES NOW** Debtor Beer Nation, Inc., the debtor and debtor-in-possession in the

above- captioned case (the "**Debtor**"), and files this Emergency Motion for Turnover of Property

---

[1] The Debtor's federal tax number is # 81-2728661.

4847-2328-7884, v. 1

of the Estate and for Violation of Automatic Stay (the "**Motion**"), pursuant to 11 U.S.C. §§ 542(a) and 362(a). In support of this Motion, the Debtor respectfully represents as follows:

### I.   JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for relief requested herein in 11 U.S.C. § 1121(d)(1).

### II.   INTRODUCTION

3. On July 31, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). The Debtor is managing its businesses and affairs as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

### III.   BACKGROUND

4. The Debtor was incorporated in April 2016. The Debtor operates a restaurant known as "Beer Nation." The Debtor has over 35 employees that work at its restaurant.

5. Prior to the Petition Date, on or about May 2, 2016, the Debtor entered into a commercial lease (the "**Lease**") with 11681 Interests Ltd. (the "**Landlord**"), pursuant to which the Landlord agreed to lease the Debtor approximately 11,320 square feet of premises, located at 11681 Westheimer Road, Houston, Texas 77077 (the "**Premises**"). The Debtor commenced operating its restaurant on the Premises in May 2017. Pursuant to the Lease, the Debtor provided the Landlord with a security deposit of $100,000 (the "**Security Deposit**").

6. Because of several disputes with the Landlord, the Debtor's business has not been allowed to survive. The final straw was when the Landlord locked the Debtor out of the Premises at the end of June 2017.

7. The Debtor still has valuable assets that remain on the Premises, including office equipment, restaurant equipment and food and beverage inventory (the "**Personal Property**"). Without this Personal Property, the Debtor will not be able to operate its restaurant at a new location.

8. The Debtor also maintains a substantial portion of its books and records on the Premises (the "**Books and Records**"). Without the Books and Records, the Debtor is not only prevented from operating its business, but is also prevented from adequately completing its statement of financial affairs, bankruptcy schedules and other financial disclosures in this Case.

9. Contemporaneously with the filing of this Motion, on August 1, 2017, the Debtor notified the Landlord and its counsel in writing that it would need immediate access to the Premises, so that the Debtor can collect its Personal Property and Books and Records. This Motion is filed in the event the Landlord does not comply with the Debtor's demands. A true and correct copy of this correspondence is attached hereto as Exhibit A and incorporated herein by reference.

## IV.
## REQUEST FOR RELIEF AND AUTHORITIES

*Turnover of Estate Property*

10. Section 542 of the Bankruptcy Code provides, in relevant part, that "an entity . . . in possession, custody, or control, during the case, of property that the trustee [or debtor] may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee [or debtor], and account for, such property or the value of such property . . ." 11 U.S.C. §§ 542(a).

11. "[Section] 541 of the Bankruptcy Code broadly defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." *In re Goss*, 526 B.R. 798, 801 (BAP 8th Cir. 2015).

12. The Personal Property, Books and Records and Security Deposit certainly

constitute property of the Debtor's bankruptcy estate. Without this property, the Debtor cannot operate its restaurant business and is prevented from making the necessary disclosures in this bankruptcy case. Accordingly, the Court should immediately order the Landlord to allow the Debtor access to the Premises, so that it can collect its property.

### *Violation of Automatic Stay*

13. Section 362(a) "operates as a stay, applicable to all entities, of—"any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" 11 U.S.C. § 362(a). "A violation of the automatic stay, § 362(a)(3), occurs when a creditor continues to hold property of the estate post-petition, even where the initial pre-petition retention was lawful." *See Knaus v. Concordia Lumber Co., Inc. (In re Knaus),* 889 F.2d 773, 774 (8th Cir.1989); *Putnam v. Rymes Heating Oils, Inc. (In re Putnam),* 167 B.R. 737, 740 (Bankr.D.N.H.1994); *Abrams v. Southwest Leasing & Rental, Inc. (In re Abrams),* 127 B.R. 239, 242 (9th Cir. BAP 1991). A creditor's refusal to voluntarily turn over property of the estate to the debtor after it had notice of the bankruptcy constitutes yet another willful violation of the stay. *See In re Carrigg*, 216 B.R. 303, 305 (BAP 1st Cir. 1998); *In re Banks*, 521 B.R. 417, 421 (M.D. Ga. 2014); *In re Johnson,* 138 B.R. 352, 354 (Bankr. D.R.I. 1992) ("willfulness" is established if the violator is aware of the stay and if its post-petition actions were intentional); *Abrams,* 127 B.R. at 242–43 (§ 362(h) provides the remedy for failure to turn over property of the estate pursuant to § 542).

14. Here, the Landlord's continued possession of the Security Deposit, Personal Property and Books and Records constitutes a willful violation of the automatic stay, as the Landlord is knowingly exercising control over the Debtor's property postpetition. Until the Landlord provides the Debtor with full access to the Premises, this knowing violation will

continue.  Furthermore, the only way to ensure that the Debtor's property is not damaged, the Debtor should be provided full access to the Premises, so that it can remove its property.

**WHEREFORE**, Debtor respectfully requests the entry of an order, substantially in the form attached hereto as Exhibit B, providing for the turnover of the Personal Property, Books and Records and Security Deposit to Debtor, finding that the Landlord has violated the automatic stay, and granting such other and further relief as the Court deems appropriate.

Dated:  August 1, 2017

**FISHERBROYLES, LLP**,

By:   /s/ H. Joseph Acosta
H. Joseph Acosta
State Bar No. 24006731
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
Tel:  214-614-8939
Fax:  214-614-8992
Email: joseph.acosta@fisherbroyles.com
**ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the "Emergency Motion of the Debtor for Turnover of Property and for Violation of the Automatic Stay has been electronically filed in the case with the Clerk of the United States Bankruptcy Court by using the CM/ECF system, a copy was served via federal express on the following parties this 1st day of August, 2017.

11681 Interests Ltd
5959 Richmond, Suite 440
Houston, TX 77057

US Trustee's Office
515 Rusk Street, Suite 3516
Houston, TX 77077

/s/ H. Joseph Acosta
H. Joseph Acosta

4847-2328-7884, v. 1

## Exhibit B

Proposed Order
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **BEER NATION, INC.,**[1] | § | Case No. 17-34707 |
| | § | |
| Debtor. | § | CHAPTER 11 CASE |
| | § | |
| | § | |

**ORDER GRANTING EMERGENCY MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND FOR VIOLATION OF AUTOMATIC STAY**

CAME ON FOR CONSIDERATION the Emergency Motion for Turnover of Property of the Estate and for Violation of the Automatic Stay (the "**Emergency Motion**"), filed by Beer Nation, Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**"). The Court having considered the arguments in the Emergency Motion and of counsel; the Court finding adequate notice of the Emergency Motion was provided to parties in interest; the Court finding good cause exists to grant the Emergency Motion; it is therefore

**ORDERED, ADJUDGED AND DECREED that:**

1. The Emergency Motion is granted;

2. Within two (2) days of the entry of this Order, 11681 Interests Ltd. (the "**Landlord**") shall provide the Debtor, or its agent, with the keys to open, and full access to, the leased premises located 11681 Westheimer Road, Houston, Texas 77077 (the "**Premises**"); and

3. The Debtor shall be allowed to recover all of its personal property at the Premises without any interference by the Landlord;

---

[1] The Debtor's federal tax number is # 81-2728661.

4844-5465-5820, v. 1

4.	The Debtor shall have 15 days to collect all of its personal property from the Premises and vacate such Premises;

5.	Within two (2) days of the entry of this Order, the Landlord shall also return the full security deposit under the lease for the Premises, in the amount of $100,000.00, to the Debtor; and

6.	The Landlord shall be fined $500 for every day that it is not in compliance with this Order.

**SIGNED** this_____ day of _____, 2017

_____
UNITED STATES BANKRUPTCY JUDGE