UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **BEER NATION, INC.,**[1] | § | Case No. 17-34707 |
| | § | |
| Debtor. | § | CHAPTER 11 CASE |
| | § | |
| | § | |

**STIPULATION AND AGREED ORDER REGARDING LEASE REJECTION AND TURNOVER OF PROPERTY**

Come now Debtor Beer Nation, Inc. (the "**Debtor**") and 11681 Interests Ltd. (the "**Landlord**") and enter into this Stipulation and Agreed Order for the Court's approval. The Debtor and Landlord will collectively be referred to herein as the "Parties."

**RECITALS**

WHEREAS, on or about May 2, 2016, the Debtor entered into a commercial lease (the "**Lease**") with the **Landlord**, pursuant to which the Landlord agreed to lease the Debtor approximately 11,320 square feet of premises, located at 11681 Westheimer Road, Houston, Texas 77077 (the "**Premises**"). The Debtor commenced operating a restaurant on the Premises in May 2017. The term of the Lease is from May 1, 2016 through April 30, 2021;

WHEREAS, on June 29, 2017, the Landlord claims to have terminated the Lease by hand delivering the termination notice to the Debtor at 11681 Westheimer, Houston, Texas 77082;

WHEREAS, the Landlord locked the Debtor from the Premises on or before June 29, 2017.

---

[1] The Debtor's federal tax number is # 81-2728661.

4814-7069-8316, v. 3

WHEREAS, the Debtor filed chapter 11 bankruptcy on July 31, 2017, and on the same day filed a motion seeking to immediately reject the Lease as of the petition date (the "**Rejection Motion**");

WHEREAS, on August 1, 2017, the Debtor filed an emergency motion for the turnover of its personal property, which was being held by the Landlord (the "**Turnover Motion**");

WHEREAS, the Parties have reached an agreement on how to resolve the Rejection Motion and Turnover Motion.

NOW THEREFORE, in the interest of avoiding litigation, Landlord and the Debtor agree to the following terms:

## **TERMS**

1. The Lease shall be deemed rejected as of June 29, 2017 for all purposes inside and outside of bankruptcy.

2. Between August 7, 2017 and August 11, 2017 (the "Move-Out Period"), the Debtor shall be given reasonable access after providing 12 hour written notice to Landlord regarding such requested access, between 9 a.m. and 5 p.m., to remove all of its personal property from the Premises, as listed on the Debtor's Bankruptcy Schedule B (as amended), except for the disputed property attached hereto as Exhibit "A" (the "Disputed Property").

3. The Debtor shall employ all care necessary not to cause any damage to the Premises.

4. Landlord shall have no liability to any third-party lien claimants relating to the turnover of any personal property to the Debtor.

5. As to the Disputed Property, the Debtor shall have the choice of either (a) demonstrating to the Landlord that the Disputed Property was purchased by the Debtor and/or (b)

4814-7069-8316, v. 3

filing another turnover motion for the Disputed Property.  The Debtor shall have 10 days to provide proof of ownership to Landlord or file another turnover motion for the Disputed Property. Upon receiving proof that the Disputed Property belongs to the Debtor or upon receiving a Court order reflecting the same, the Landlord shall provide reasonable access to the Debtor to further remove its property, even if the removal occurs outside of the Move-Out Period.  The Landlord shall keep the premises locked at all times,  subject to its right to show the premises to perspective tenants, but shall have no further duties or liability regarding the safekeeping of any property located in the premises.

6.The Debtor reserves the right to contest any charges made by the Landlord against the Debtor's security deposit, to the extent the Court determines the security deposit is property of the Debtor's bankruptcy estate.

**AGREED TO IN FORM AND SUBSTANCE:**

| By: /s/  Jarrod B. Martin_____ | By: __/s/ H. Joseph Acosta_____ |
|---|---|
| Jarrod B. Martin (SBN: 24070221)<br>Email: jmartin@nathansommers.com<br><br>Nathan Sommers Jacobs,<br>A Professional Corporation<br>2800 Post Oak Blvd., 61st Floor<br>Houston, Texas 77056<br>(713) 960-0303 (Telephone)<br>(713) 892-4800 (Facsimile)<br><br>**Counsel for Landlord** | H. Joseph Acosta<br>SBN: 24006731<br>FISHER BROYLES, LLP<br>4514 Cole Avenue, Suite 600<br>Dallas, Texas 75205<br>Tel:  (214) 614-8939<br>Fax:  (214) 614-8992<br>Email:  jacosta@fisherbroyles.com<br><br>**Counsel for the Debtor and Debtor-In-Possession** |

APPROVED this_____ day of August, 2017:

_____
THE HONORABLE MARVI ISGUR

4814-7069-8316, v. 3

EXHIBIT "A"

**Schedule of Disputed Property**

- Double stack Vulcan convection oven
- 2 35lb deep fryers
- 36" flat top grill
- 48" chargrill
- 3 pot cookers
- 2 eye burner
- 30 tables and 125 chairs